UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: STEVEN R. SOWINSKI and § Case No. 10-08476
VICKI P. SOWINSKI § Hon. SUSAN PIERSON SONDERBY
§ Chapter 7
§
§
Debtor(s)

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under chapter 7 of the United States Bankruptcy Code on 02/28/2010.

The undersigned trustee was appointed on 02/28/2010.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                     $8,601.51

   Funds were disbursed in the following amounts:

   Administrative expenses
   Payments to creditors                                      $0.00
   Non-estate funds paid to 3rd Parties                       $0.00
   Payments to the debtor                                     $0.00

   Leaving a balance on hand of [1]                           $8,601.51

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (9/1/2009)

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing claims in this case was 07/15/2010 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,610.15 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,610.15 , for a total compensation of $1,610.15. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $20.64 , for total expenses of $20.64 .

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 07/20/2010      By: /s/ ALLAN J. DeMARS
                          Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 101-7-TFR (9/1/2009)

# EXHIBIT "A" - FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES

Case No. 10-08476

Case Name: STEVEN R. and VICKI P. SOWINSKI

For Period Ending: 12/31/10

Trustee Name: Allan J. DeMars

Date Filed (f) or Converted (c): 2/28/10 (F)

$341(a) Meeting Date: 4/14/10

Claims Bar Date: 7/15/10

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Ref # Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee less Liens, Exemptions, and Other Costs) | Property Abandoned OA=$ 554(a) abandon DA=$ 554(c) abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |
| 1  Real estate at 394 Boundary Drive, Port Saint Lucie, FL | 80,000.00 | 0.00 | DA |  | FA |
| 2  cash | 20.00 | 0.00 | DA |  | FA |
| 3  checking account | 250.00 | 0.00 | DA |  | FA |
| 4  savings account | 170.00 | 0.00 | DA |  | FA |
| 5  brokerage account | 400.00 | 0.00 | DA |  | FA |
| 6  household goods | 450.00 | 0.00 | DA |  | FA |
| 7  books, pictures | 75.00 | 0.00 | DA |  | FA |
| 8  wearing apparel | 1,500.00 | 0.00 | DA |  | FA |
| 9  costume jewelry | 55.00 | 0.00 | DA |  | FA |
| 10 Lincoln National life insurance | 0.00 | 0.00 | DA |  | FA |
| 11 River Source life ins | 2,709.00 | 0.00 | DA |  | FA |
| 12 IRA-W | 114,619.00 | 0.00 | DA |  | FA |
| 13 IRA-H | 2,056.00 | 0.00 | DA |  | FA |
| 14 interest in Sowinski Music Management | 0.00 | 0.00 | DA |  | FA |
| 15 tax refund | 4,036.00 | 0.00 | DA |  | FA |
| 16 2002 Pontiac Trans Am | 14,000.00 | 7,600.00 |  | 7,600.00 | FA |
| 17 2006 Scion | 2,300.00 | 0.00 | DA |  | FA |

| 18 | 5 trumpets/sound equip | 2,500.00 | 1,000.00 | FA |
| 19 | interest on invested funds | | 1,000.00 | |

TOTALS (Excluding unknown values)    8,600.00    8,601.51

(Total Dollar Amount in Column 6)    1.51

Major activities affecting case closing: SALE OF RIGHT, TITLE AND INTEREST IN PARTIALLY EXEMPT ASSETS BACK TO DEBTORS (vehicle/musical instruments)

Initial Projected Date of Final Report (TFR): _July, 2010_    Current Projected Date of Final Report (TFR): _7/20/10_

**EXHIBIT "B" - FORM 2**
**CASH RECEIPTS AND DISBURSEMENT RECORDS**

Case No.: 10-08476
Case Name: STEVEN R. and VICKI P. SOWINSKI
Taxpayer ID#: 27-6571394
For Period Ending: 12/31/2010

Trustee's Name: Allan J. DeMars
Bank Name: Bank of America
Initial CD #: CDI
Blanket bond (per case limit): 5,000,000
Separate bond (if applicable):
Money Market #: 375 556 5855

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Money Market Balance |
| 5/6/10 | Ref 16,18 | from debtors | right, title and interest in vehicle and 5 trumpets | 1129-000 | 8,600.00 | | 8,600.00 |
| 5/31/10 | Ref 19 | Bank of America | interest on invested funds | 1270-000 | 0.52 | | 8,600.52 |
| 6/30/10 | Ref 19 | Bank of America | interest on invested funds | 1270-000 | 0.71 | | 8,601.23 |
| 7/13/10 | Ref 19 | Bank of America | interest on invested funds | 1270-000 | 0.28 | | 8,601.51 |
| | | | COLUMN TOTALS | | 8,601.51 | 0.00 | |
| | | | Less: Bank transfers/CD | | | 0.00 | |
| | | | Subtotal | | 8,601.51 | 0.00 | |
| | | | Less: Payments to debtor(s) | | | 0.00 | |
| | | | Net | | 8,601.51 | 0.00 | |

|  | NET DEPOSITS | NET DISBURSEMENTS | |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | BALANCES |
| Checking# | | | |
| Money Market # 375 556 5855 | 8,601.51 | 0.00 | 8,601.51 |
| Savings # | | | |
| CD #CDI | | | |
| Net | 8,601.51 | 0.00 | 8,601.51 |
| | Excludes account transfers | Excludes payments to debtor | Total Funds on Hand |

Exhibit D

## TRUSTEE'S PROPOSED DISTRIBUTION

Case No: 10-08476
Case Name: STEVEN R. SOWINSKI and VICKI P. SOWIN
Trustee Name: ALLAN J. DeMARS

Claims of secured creditors will be paid as follows:

| *Claimant* | *Proposed Payment* |
|---|---|
| NONE | $0.00 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| Trustee   ALLAN J. DeMARS | $1,610.15 | $20.64 |
| Attorney for trustee   ALLAN J. DeMARS | $1,408.00 | |
| Appraiser | | |
| Auctioneer | | |
| Accountant | | |
| Special Attorney for trustee | | |
| Charges, U.S. Bankruptcy Court | | |
| Fees, United States Trustee | | |
| Other | | |

UST Form 101-7-TFR (9/1/2009)

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Fees | Expenses |
|---|---|---|
| *Attorney for debtor* | | |
| *Attorney for* | | |
| *Accountant for* | | |
| *Appraiser for* | | |
| *Other* | | |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling _____$0.00_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | |
| | | | $0.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling _____$86,884.22_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be __6.4__ percent.

Timely allowed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 1 | Ophrys | $25,590.20 | $1,638.40 |
| 2 | RV Resorts at St. Lucie West owners association | $3,584.93 | $229.52 |
| 3 | Chase Bank USA, NA | $18,491.23 | $1,183.89 |
| 4 | American Express Centurion Bank | $16,507.85 | $1,056.91 |
| 5 | American Express Centurion Bank | $9,431.16 | $603.83 |
| 6 | Ameriprise Bank FSB | $3,879.84 | $248.40 |
| 7 | FIA Card Services successor to Bank of American and MBNA America Bank | $9,399.01 | $601.77 |

UST Form 101-7-TFR (9/1/2009)

Tardily filed claims of general (unsecured) creditors totaling _____ $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be ___0___ percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | $0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling _____ $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be ___0___ percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | $0.00 |

The amount of surplus returned to the debtor after payment of all claims and interest is _____ $0.00.

UST Form 101-7-TFR (9/1/2009)